IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JONATHAN JACOBS, <br><br> Plaintiffs, <br><br> v. <br><br> IGOR GORBACH, LYUDMULA GORBACH, DANIEL BAILEY, EAGLE FLEET LOGISTICS, LLC, <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Jonathan Jacobs, by and through his undersigned counsel, hereby files his Complaint against Defendants Igor Gorbach, Lyudmula Gorbach, Daniel Bailey, and Eagle Fleet Logistics, LLC. In support thereof, Mr. Jacobs alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action to recoup Mr. Jacobs' principal and lost earnings from a hollow investment that Defendants misrepresented in concert. In June 2022, Mr. Jacobs invested $488,000 with Mr. Gorbach for a fifty-percent ownership interest in a set of twenty-one dry van trailers. Mr. Gorbach represented that he would lease the trailers to several customers—promising Mr. Jacobs $15,000 monthly returns regardless of whether the trailers were leased. But, within a few months, the payments stopped and Mr. Jacobs received nothing.

2. Even worse, in 2024, Mr. Jacobs learned that Mr. Gorbach never owned the trailers. Rather, Lyudmula Gorbach (Mr. Gorbach's daughter) and Daniel Bailey (Mr. Gorbach's son-in-law and Ms. Gorbach's husband) were the actual registrants of the trailers under the name Eagle Fleet Logistics, LLC. In other words, Mr. Jacobs thought he invested $488,000 with Mr. Gorbach—but it appears that his funds were provided to Mr. Gorbach's daughter and son-in-law,

and then the Defendants took Mr. Jacobs' money and ran. This is unfortunately not surprising because Mr. Gorbach has a history of fraud, and Mr. Jacobs is one of many victims.

## PARTIES

3. Plaintiff Mr. Jacobs is a citizen and resident of New York.

4. On information and belief, Defendant Igor Gorbach is a resident and citizen of Connecticut and Pennsylvania who regularly conducts business from 9883 Old US 22 in Breinigsville, Pennsylvania 18031.

5. On information and belief, Defendant Lyudmula Gorbach is a citizen and resident of North Carolina located at 1838 Shumard Lane, Charlotte, North Carolina 28205. Ms. Gorbach is a registered FINRA broker with Klein Group LLC (CRD#6348202).

6. On information and belief, Defendant Dan Bailey is a citizen and resident of North Carolina located at 1838 Shumard Lane, Charlotte, North Carolina 28205.

7. On information and belief, Defendant Eagle Fleet Logistics, LLC is a limited liability company formed and existing under the laws of Delaware with its principal place of business located at 1838 Shumard Lane, Charlotte, North Carolina 28205.

## JURISDICTION AND VENUE

8. This Court has subject matter pursuant to 28 U.S.C. § 1332(a)(1) or (a)(3) as this is an action between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000—exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendants because the transaction at issue and substantial events from the transactions—namely the wiring of Mr. Jacobs' funds to Ms. Gorbach and Mr. Bailey—occurred in this District.

10. In addition, this Court has general personal jurisdiction over Defendants Ms. Gorbach, Mr. Bailey, and Eagle Fleet Logistics LLC because they are all citizens of and domiciled in North Carolina.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) given that a substantial part of the events or omissions giving rise to Mr. Jacobs' claims occurred in this District.

## FACTS

12. Mr. Jacobs is a successful businessman who met Defendant Igor Gorbach in or around April 2022 through an online advertisement concerning a collection of five trucking companies.

13. Between May 2022 and June 2022, Mr. Gorbach presented an investment opportunity for Mr. Jacobs whereby he would invest $488,000 for a fifty-percent ownership stake in a set of twenty-one dry van trailers. Dry van trailers are designed to ship freight without temperature or climate control as they are fully protected and enclosed.

14. Mr. Gorbach represented to Mr. Jacobs that they would be business partners, each of them owning a fifty-percent ownership stake in the set of dry van trailers.

15. Mr. Gorbach further represented that he has several customers who would lease the trailers from Mr. Jacobs and Mr. Gorbach, which would net a $15,000 monthly return on Mr. Jacobs' investment. Based on these representations, Mr. Jacobs agreed to invest $488,000.

16. Mr. Jacobs received his $15,000 in monthly returns from July 2022 through August 2022. After that, he stopped receiving any payments whatsoever.

17. When Mr. Jacobs expressed concern regarding the late payments, Mr. Gorbach told him that he was unable to lease out the trailers.

18. Mr. Gorbach told Mr. Jacobs that he would resolve the issue by paying back Mr. Jacobs' investment with funds that Mr. Gorbach was to receive at the closing of another

3

independent, unrelated transaction involving five trucking companies that were FedEx franchisees that was scheduled to occur in December of 2022 (the "FedEx Transaction").

19. At this time, Mr. Jacobs had no reason to believe that Mr. Gorbach would not fulfill his promise.

20. The FedEx Transaction closed on December 9, 2022 for just under $5 million. The FedEx Transaction also involved a similar fraud perpetrated by Mr. Gorbach and is the subject of litigation in the United States District Court for the Eastern District of Pennsylvania in the case captioned *GridKor, LLC et al. v. Igor Gorbach, et al.*, Case No. 5:23-cv-03563 (the "FedEx Lawsuit").

21. Most of the defendants in the FedEx Transaction litigation (including Mr. Gorbach but excluding Mr. Jacobs) signed promissory notes, which promised to pay GridKor LLC back for its investment in the FedEx Transaction.

22. The Court in the FedEx Lawsuit recently granted summary judgment in the amounts of $6,229,765.81 against Mr. Gorbach and some of the other defendants who executed promissory notes promising to repay the funds taken in the FedEx Transaction. *See* ECF No. 118, *GridKor, LLC et al. v. Igor Gorbach, et al.*, Case No. 5:23-cv-03563. GridKor LLC is engaged in efforts to execute on those judgments and has alleged that Mr. Gorbach and others have improperly dissipated assets.

23. Mr. Jacobs has recently learned that the escrow agent handling the closing in the FedEx Transaction transferred $550,000 to Defendant Dan Bailey and $562,000 to Defendant Lyudmula Gorbach.

24. Neither Defendant Bailey nor Defendant Ms. Gorbach had any involvement with the FedEx Transaction.

25. At the time of the transfers of funds to Mr. Bailey and Ms. Gorbach, Defendant Mr. Gorbach still owed Mr. Jacobs his $488,000 principal from the dry van trailer transaction.

26. In addition, around December 2022, Defendants Mr. Gorbach and Mr. Bailey were both looking for investors for a real estate transaction based in Beverly, West Virginia.

27. In or around December 2022, Defendant Mr. Gorbach attempted to have Mr. Jacobs invest in this West Virginia real estate opportunity, but Mr. Jacobs declined to do so.

28. Defendants Mr. Gorbach and Mr. Bailey needed around $800,000 to close their West Virgina real estate transaction.

29. Due to the timing of this real estate transaction and the FedEx Transaction closing, upon information and belief, Defendant Mr. Gorbach (and the other Defendants in concert) instructed the escrow agent to divert Mr. Jacobs' $488,000 to Defendants Mr. Bailey and Ms. Gorbach at least in part to help fund this real estate transaction.

30. Mr. Gorbach had promised to pay Mr. Jacobs his $488,000 upon the FedEx Transaction closing, but he did not do so. Instead, Mr. Jacobs' funds were diverted to Mr. Bailey and Ms. Gorbach at the closing of the FedEx Transaction.

31. Indeed, in other litigation pending the United States District Court for the Eastern District of Pennsylvania, the plaintiff alleged that Mr. Gorbach "transferred all of his assets to his daughter, Defendant Lydumyla, to make himself 'judgment proof.'" (*See* Case No. 5:24-cv-5570, Dkt. No. 1, ¶ 71).

32. Even worse, Mr. Jacobs learned that Mr. Gorbach never even owned or registered the set of twenty-one dry van trailers under his name.

33. Rather, the trailers were registered under "Eagle Fleet Logistics, LLC," whose address is 1838 Shumard Lane, Charlotte, North Carolina 44019. A true and correct copy of the trailer registrations is attached hereto as **Exhibit A**.

34. Both Defendant Bailey and Defendant Ms. Gorbach reside at the same address as Eagle Fleet Logistics, LLC: 1838 Shumard Lane, Charlotte, North Carolina 44019.

35. Moreover, in April 2024, Defendant Mr. Gorbach informed Mr. Jacobs that he had sold half of the trailers.

36. Despite Mr. Jacobs' role as a business partner and co-owner of the trailers, Defendant Mr. Gorbach nevertheless sold half the trailers without even consulting Mr. Jacobs.

37. Defendant Mr. Gorbach did not even pay Mr. Jacobs for his half of the profits from the secret sale. Mr. Jacobs is also owed any profits from this sale.

38. Thus, upon information and belief, as part of a scheme to mislead Mr. Jacobs, Mr. Gorbach transferred Mr. Jacobs' $488,000 principal to Defendant Bailey and his daughter, Ms. Gorbach through the closing of the FedEx Transaction.

39. Mr. Gorbach, in concert with Ms. Gorbach and Mr. Bailey, defrauded Mr. Jacobs.

40. Mr. Gorbach tricked Mr. Jacobs into investing $488,000 for a fifty-percent ownership stake in the set of dry van trailers and then he provided these funds to his daughter and son-in-law.

41. Upon information and belief, Defendant Gorbach never intended to lease out the dry van trailers to any customers. Rather, he intended to take Mr. Jacobs' money and then distribute it to the other Defendants—who knew about and were complicit in this scheme.

## COUNT I
## UNJUST ENRICHMENT
### All Defendants

42. Mr. Jacobs repeats the averments in the previous paragraphs and incorporates them by reference as if set forth fully herein.

43. Mr. Jacobs conferred substantial benefits onto Defendants—payments totaling $488,000—which Mr. Jacobs made to Defendants under false representations.

6

44. Mr. Jacobs conferred these benefits pursuant to Mr. Gorbach's promises that: (i) Mr. Jacobs would be a business partner with Mr. Gorbach; (2) that Mr. Gorbach actually owned the dry van trailers at issue; (3) that Mr. Gorbach had customers to whom he could have leased out the trailers; (4) that Mr. Gorbach would actually use Mr. Jacobs' $488,000 to purchase the dry van trailers; (5) that Mr. Jacobs would receive $15,000 in monthly returns; and (6) that Mr. Jacobs would receive his principal back upon the FedEx Transaction closing.

45. Defendants Mr. Bailey and Ms. Gorbach received these benefits because Mr. Gorbach transferred Mr. Jacobs' funds to them with the intention to defraud him.

46. All Defendants thus appreciated the benefits conferred by Mr. Jacobs.

47. Defendants retained and accepted the benefits conferred by Mr. Jacobs under such circumstances where it would not be equitable for Defendants to retain the benefits without returning anything of equal value to Mr. Jacobs.

## COUNT II
## CIVIL CONSPIRACY
## All Defendants

48. Mr. Jacobs repeats the averments in the previous paragraphs and incorporates them by reference as if set forth fully herein.

49. Defendants Mr. Gorbach, Ms. Gorbach, Mr. Bailey, and Eagle Fleet Logistics LLC combined with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, namely: inducing Mr. Jacobs into "investing" $488,000 into a set of dry van trailers by misrepresenting the projected performance of the dry van trailers, the ownership identity of the dry van trailers, the potential leasing customers of the dry van trailers, and by concealing the fact that Defendants Bailey and Ms. Gorbach actually owned the trucks and that Mr. Jacobs' money would be diverted to them.

50. In furtherance of that common, unlawful purpose, Defendants engaged in the following non-exhaustive overt acts:

    a. Defendant Mr. Gorbach's numerous representations that he would be Mr. Jacobs' business partner in this transaction;

    b. Defendant Mr. Gorbach's phone calls, text messages, and meetings with Mr. Jacobs to induce him to invest $488,000

    c. Defendant Ms. Gorbach's receipt of $562,000 upon the FedEx Transaction closing despite having no involvement in the FedEx Transaction;

    d. Defendant Mr. Bailey's receipt of $550,000 upon the FedEx Transaction closing despite having no involvement in the FedEx Transaction;

    e. Defendant Eagle Fleet Logistics LLC's registration of the dry van trailers despite Defendant Mr. Gorbach's concealment of said fact.

51. Mr. Jacobs has suffered and continues to suffer damages as a result of Defendants' conduct in an amount to be determined at trailer, including his $488,000 principal, lost profits of at least $15,000, lost dividends, and other compensatory, consequential, and punitive damages.

52. Defendants' conduct was wanton, malicious, willful, oppressive, or displayed a reckless indifference to the rights of others.

53. Defendants are liable for punitive damages in an amount to be determined at trial.

### COUNT III
### FRAUD
### All Defendants

54. Mr. Jacobs repeats the averments in the previous paragraphs and incorporates them by reference as if set forth fully herein.

55. Defendants misrepresented or omitted several material facts to Mr. Jacobs with knowledge of those statements' falsity, or with at least recklessness as to the truth or falsity of the statements:

    a. That Defendant Mr. Gorbach had several customers to whom he could lease the dry van trailers;

    b. That Defendant Mr. Gorbach would use Mr. Jacobs' $488,000 principal to purchase at least a fifty-percent ownership stake in the set of dry van trailers;

    c. That Defendant Dan Bailey or Defendant Ms. Gorbach had any involvement in the dry-van trailer transaction;

    d. That Mr. Jacobs would receive $15,000 in monthly returns for his $488,000 investment;

    e. That Defendant Mr. Gorbach owned or registered the trailers;

    f. That the true owners of the trailers were Eagle Fleet Logistics LLC, which shares an address with Defendant Dan Bailey and Defendant Ms. Gorbach.

56. Defendants made the foregoing concealments and misrepresentations to get Mr. Jacobs to rely on those concealments and misrepresentations.

57. Mr. Jacobs detrimentally relied on the foregoing misrepresentation and concealments by investing $488,000 in June 2022.

58. As a result of Defendants' misrepresentations and concealments, Mr. Jacobs suffered damages in an amount to be determined at trial, and including but not limited to, his $488,000 principal, lost profits of at least $15,000, lost dividends, and other compensatory, consequential, and punitive damages.

59. Defendants are liable for punitive damages in an amount to be determined at trial.

# COUNT IV
# PROMISSORY ESTOPPEL
# Defendant Igor Gorbach

60. Mr. Jacobs repeats the averments in the previous paragraphs and incorporates them by reference as if set forth fully herein.

61. Defendant Mr. Gorbach promised Mr. Jacobs that he would use Mr. Jacobs' $488,000 principal to purchase dry van trailers for at least a $15,000 monthly return.

62. Defendant Mr. Gorbach also promised Mr. Jacobs that he would return his $488,000 principal upon closing of the FedEx Transaction.

63. These promises were memorialized and unambiguous.

64. Defendant Mr. Gorbach did not fulfill either of these promises.

65. Mr. Jacobs reasonably and detrimentally relied on these promises and, as a result, invested $488,000 with the intent to receive his promised $15,000 monthly return.

66. But for Mr. Gorbach's promises, Mr. Jacobs would not have made this investment.

67. As a direct and proximate result of Defendant Mr. Gorbach's actions and promises, Mr. Jacobs has suffered damages in an amount to be determined at trial, and including but not limited to, his $488,000 principal, lost profits of at least $15,000, lost dividends, and other compensatory and consequential damages.

**WHEREFORE**, Plaintiff Mr. Jacobs hereby asks this Court to:

    a. Enter judgment in favors of Mr. Jacobs and against Defendants;

    b. Award Mr. Jacobs compensatory damages in an amount to be determined at trial;

    c. Award Mr. Jacobs consequential damages in an amount to be determined at trial;

    d. Award Mr. Jacobs punitive damages in an amount to be determined at trial;

e. Award Mr. Jacobs reasonable attorney's fees and costs; and

f. Grant Mr. Jacobs such and other further relief as this Court determines is just, equitable, and reasonable.

Respectfully submitted,

*/s/ Mat Groseclose*
Mat Groseclose (NC ID 55381)
**POLSINELLI PC**
555 Fayetteville Street, Suite 720
Raleigh, NC 27601
Tel: (919) 832-1744
mgroseclose@polsinelli.com


James E. DelBello (PA ID 78638) (*Pro Hac Vice Pending*)
James Mangiaracina (PA ID 329077) (*Pro Hac Vice Pending*)
**POLSINELLI PC**
Three Logan Square
1717 Arch Street, Suite 2800
Philadelphia, PA 19103
Tel: (215) 267-3001
jdelbello@polsinelli.com
jmangiaracina@polsinelli.com

*Attorneys for Plaintiff Jonathan Jacobs*

Date: March 10, 2025

# CERTIFICATE OF SERVICE

I, Mat Groseclose, hereby certify that on March 10, 2025, a true and correct copy of the foregoing was served upon all counsel of record.

> */s/ Mat Groseclose*
> Mat Groseclose

Date: March 10, 2025